UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KATHY PALMER,<br><br>  Plaintiff,<br><br>  v.<br><br>AZTEC FACILITY SERVICES, a Washington Corporation, CHONG BROWN, Dayshift Supervisor, KATHLEEN MORGAN, Executive Housekeeper, CORAL OLSEN, Human Resources Director,<br><br>  Defendants. | Case No. C06-5725RJB<br><br>ORDER ON MOTION TO DISMISS FILED BY DEFENDANTS CHONG BROWN AND CORAL OLSEN |

This matter comes before the court on the Motion to Dismiss Filed by Defendants Chong Brown and Coral Olsen. Dkt. 13. The court has considered the relevant documents and the remainder of the file herein.

PROCEDURAL HISTORY AND MOTION

On December 29, 2006, plaintiff filed a complaint against Aztec Facility Services, Chong Brown, Kathleen Morgan, and Coral Olsen, alleging religious discrimination and retaliation under Title VII and the Washington Law Against Discrimination. Dkt. 1. The summons and complaint was served on Kathleen Morgan on April 24, 2007, and on Aztec Facility Services on April 25, 2007. Ms. Brown was served on July 11, 2007, 194 days after the complaint was filed. Ms. Olsen has not been served.

On July 12, 2007, defendants filed a motion to dismiss, requesting that the court dismiss the complaint without prejudice against Ms. Brown and Ms. Olsen on the basis that they were not served with

ORDER
Page - 1

1  a copy of the summons and complaint within the 120-day time period set forth in Fed.R.Civ.P. 4(m).
2  Defendants contend that plaintiffs cannot show good cause for her failure to effectuate timely service on
3  Ms. Brown and Ms. Olsen, arguing that plaintiff did not move for an enlargement of the time under
4  Fed.R.Civ.P. 6(b) and that plaintiff could have easily served these individuals within the time allowed by
5  the rule. Dkt. 13.

6  Plaintiff opposes the motion to dismiss, arguing that, even though defendants' counsel were aware
7  of the action before any of the defendants was served, counsel declined to provide Ms. Olsen's address to
8  plaintiff. Dkt. 16. In addition, plaintiff contends that Ms. Brown was out of the country and unable to be
9  served during the last portion of the 120-day period, at which time the Pierce County Sheriff was
10 attempting to serve him. *Id.*

11 In their reply, defendants contend that plaintiff has not shown good cause for failing to timely serve
12 Ms. Brown and Ms. Olsen. Dkt. 21. Defendants contend that defendants' counsel told plaintiff's counsel
13 of January 23, 2007 that they were not authorized to accept service for any of the defendants; that
14 defendants' counsel did not refuse to provide plaintiff's counsel with Ms. Olsen's address; and that plaintiff
15 has not shown an excuse or good cause to justify the late service of Ms. Brown or the continuing failure to
16 serve Ms. Olsen. *Id.* Defendants request that the court dismiss the complaint without prejudice.

## DISCUSSION

Under Fed.R.Civ.P. 4(m),

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

The decision to extend the prescribed time period for the service requires a two step analysis. *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1305 (3rd Cir. 1995). First, upon a showing of good cause for the defective service, the court must extend the time period. Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period. *Id.*; *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

Plaintiff has not shown good cause for failing to serve Ms. Brown and Ms. Olsen within the prescribed time period set forth in Fed.R.Civ.P. 4(m). On the other hand, these defendants have shown no

prejudice if the court allows services as follows: The court should extend the time period for service in this case. The federal rules of civil procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1. Because the actions that serve as the basis of this complaint occurred in 2006, it does not appear that the statute of limitations would bar plaintiff from reinstituting the action against these defendants. Requiring plaintiff to re-file the case appears to be a needless waste of the court's and the parties' resources. Ms. Brown has already been served. The most speedy and inexpensive resolution of the service issue appears to be to consider the service on Ms. Brown to have been timely, and to extend the time period for serving Ms. Olsen for a brief period so that this case can proceed efficiently toward resolution.

Therefore, it is hereby

**ORDERED** that the Motion to Dismiss Filed by Defendants Chong Brown and Coral Olsen (Dkt. 13) is **DENIED**. Service on Ms. Brown on July 11, 2007, is deemed to be timely. Not later than August 15, 2007, plaintiff shall file a certificate of service, showing that Ms. Olsen has been properly served. If plaintiff fails to timely file the certificate of service showing that Ms. Olsen has been properly served, the court will dismiss the claims against Ms. Olsen without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 6th day of August, 2007.

_____
ROBERT J. BRYAN
United States District Judge